## BLATCHLEY & SIMPSON *v.* ADAIR.

In an action on a bond for the re-delivery of property taken on attachment, a plea that the property attached, at the time of the levy, did not belong to the defendant against whom the attachment issued, is insufficient. The answer must allege to whom the property did belong.

*Appeal from the Muscatine District Court.*

FRIDAY, APRIL 9.

The plaintiffs sued Adair, and attached a hack and a set of harness. The defendant, with Crane, as his surety, procured a discharge of the property, by giving a bond, in accordance with section 1876 of the Code, for the re-delivery thereof, or its value, in twenty days after the rendition of judgment, if one should be recovered against the defendant. The property was not delivered according to the condition of the bond, and the bond was assigned by the sheriff to the plaintiffs. Action having been brought upon that instrument, the defendants pleaded, that the property, at the time of the levy, did not belong to the defendant Adair, against whom the attachment issued. To this answer, the plaintiff demurred, upon the grounds that the defendants were estopped from denying the property, and that they did not allege to whom the property belonged, whilst they denied that it belonged to the defendant Adair. The district court sustained the demurrer, and, the defendants refusing to amend, rendered judgment for the plaintiffs. The defendant appeals.

*Richman & Brother,* for the appellants.

*D. C. Cloud,* for the appellees.

WOODWARD, J.—The defendants rest upon section 1879 of the Code, which provides that "in an action brought upon the bond above contemplated, it shall be a sufficient defence, that the property, for the delivery of which the

VOL. V.        70

bond was given, did not, at the time of the levy, belong to the defendant against whom the attachment was issued." The only question made is, whether the defendants should not plead in whom the property was, alleging it to be in some certain person. The defendants argue, that if it is in any other person, this is sufficient; and therefore they need not aver it to be in some one certain person; and further, they instance an indictment, which is good, if in the language of the statute. But this is not true of an indictment, when the language of the statute is generic, or general, embracing many particulars. It is true, when the statute names, or defines, a particular or an individual.

The rules of pleading, require the defendants to plead a definite and specific plea. When the defendants gave the bond for the release and delivery of the property, a presumption, at least, arose that the property was Adair's, and the requirements of pleading are not satisfied by their alleging simply, that it was not his, but they must aver in whom the property was. Such are the analogies. The party is not permitted to plead that the title was not in the covenantor, although it is sufficient if it was in any other, but he must narrow the issue, and show in whom it was. A further consideration is, that this is new matter, introduced by the defendants, and therefore, they must tender an affirmative issue.

As to the estoppel; the statute gives this defence expressly, and therefore the party cannot be barred from it, whatever might have been the case without the statute. We do not think the court erred in sustaining the demurrer, and the judgment of the district court is affirmed.

Affirmed.